IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERIHU H. FKADU,<br><br>        Plaintiff(s),<br><br>vs.<br><br>JESS RAPHAEL,<br><br>        Defendant(s). | No. C 09-4275 CRB (PR)<br><br>ORDER OF DISMISSAL<br><br>(Doc # 2) |

      Plaintiff, a prisoner at Napa State Hospital, has filed a pro se complaint for damages under 42 U.S.C. § 1983 alleging attorney malpractice on the part of his court-appointed public defender, Jess Raphael. Plaintiff also seeks appointment of counsel in this action.

## DISCUSSION

A.    <u>Standard of Review</u>

      Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable

claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b).  Pro se pleadings must be liberally construed.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

B.     Legal Claims

Plaintiff's complaint must be dismissed because it is well-established that public defenders do not act under color of state law, an essential element of a § 1983 action, when performing a lawyer's traditional functions, such as entering pleas, making motions, objecting at trial, cross-examining witnesses, and making opening and closing arguments.  See Polk County v. Dodson, 454 U.S. 312, 318-19 (1981); see also Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003) (attorneys in private practice are not state actors).

**CONCLUSION**

For the foregoing reasons, the complaint is DISMISSED for failure to state claim under the authority of 28 U.S.C. § 1915A(b).

The clerk shall enter judgment in accordance with this order, terminate all pending motions as moot (see doc # 2), and close the file.

SO ORDERED.

DATED:  Oct. 9, 2009

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.09\Fkadu, B1.dismissal.wpd

2